UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


STERLING BARTHELEMY                          CIVIL ACTION


VERSUS                                       NO: 14-260


CAROLYN W. COLVIN, ACTING                    SECTION: R
COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION

### ORDER AND REASONS

Before the Court is plaintiff Sterling Barthelemy's motion for attorney fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2142. For the following reasons, the Court grants plaintiff's application and awards $7,259.24 for attorney fees and expenses.

Plaintiff filed a complaint on February 4, 2014 in which he sought review of the Social Security Administration's denial of benefits.[1] After answering plaintiff's complaint,[2] the Commissioner voluntarily moved for the case to be remanded for further proceedings.[3] The Court granted the motion and ordered that the case be remanded under the fourth sentence of 42 U.S.C. §

---

[1] R. Doc. 2.

[2] R. Doc. 10.

[3] R. Doc. 18.

405(g).[4]  Plaintiff now seeks an award of attorney fees and expenses under 28 U.S.C. § 2412.[5]

A court must award "fees and other expenses" under section 2412(d)(1)(A) if (1) the claimant is a "prevailing party," (2) the position of the United States was not "substantially justified," and (3) there are no special circumstances that make an award unjust.  *See* 28 U.S.C. § 2412(d)(1)(A); *Davidson v. Veneman*, 317 F.3d 503, 506 (5th Cir. 2003).  Plaintiff may be considered a "prevailing party" under the EAJA if he "succeed[s] on any significant issue in litigation which achieves some of the benefit he sought in bringing suit."  *Sims v. Apfel*, 238 F.3d 597, 600 (5th Cir. 2001).  Here, the Court remanded the matter under the fourth sentence of 42 U.S.C. § 405(g), which provides: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  The United States Supreme Court and Fifth Circuit have made clear that a remand under the fourth sentence of section 405(g) renders the plaintiff a "prevailing party."  *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993); *Rice v. Astrue*, 609 F.3d 831, 833–34 (5th Cir. 2010).

---

[4] R. Doc. 19.

[5] R. Doc. 25.

Further, the Government has the burden of establishing that its position was "substantially justified," *Sims*, 238 F.3d at 602, but the Government has not opposed plaintiff's request for fees and expenses; nor has it demonstrated that its position was substantially justified.  As there are no special circumstances that make an award unjust, the Court has reviewed the hours claimed by plaintiff's counsel and awards $7,259.24 in attorney fees and expenses.

For the foregoing reasons, plaintiff's motion for attorney fees and expenses is GRANTED.  It is ORDERED that plaintiff be awarded $7,239.44 in reasonable attorney fees, plus expenses of $20.10, payable to plaintiff in care of his attorney.

New Orleans, Louisiana, this  7th  day of January, 2016.

_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

3